UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR -6 2008
JAMES W. McCORMACK, CLERK
By: DEP CLERK

UNITED STATES OF AMERICA,
Plaintiff,

v.

PAVORA ASALGEN GILBERT,
Judgment Defendant,

BEACH ABSTRACT AND GUARANTY COMPANY, AN ARKANSAS CORPORATION,
Garnishee

CAUSE NO. 4:06CR00040-05 JLH

**AGREED FINAL ORDER IN GARNISHMENT**

Now on this day comes on before this Court, the parties, the United States of America, Plaintiff; Pavora Asalgen Gilbert, the Judgment Defendant; and Beach Abstract and Guaranty Company, the Garnishee, who agree and stipulate as follows:

1. The Judgment Defendant's name is Pavora Asalgen Gilbert, her Social Security Number is xxx-xx-3081, and her last known address is: , North Little Rock, Arkansas 72114.

2. A Judgment was entered against the Judgment Defendant, Pavora Asalgen Gilbert, in this action in the amount of $16,116.52. The total balance due on the Judgment is $15,604.67, as of January 16, 2008, herein referred to as the "Judgment".

3. Judgment Defendant agrees that Plaintiff is entitled to issuance by this Court of a Writ of Garnishment, but Judgment Defendant waives service of an application for a writ of continuing garnishment pursuant to Section 3205 of the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3205 upon the Judgment Defendant and upon the Garnishee. Further, Judgment Defendant waives her right to a hearing under the section 3205 and any other process to which the Judgment Defendant may be entitled under the Federal Debt Collection Procedures Act of 1990.

4. Judgment Defendant agrees and stipulates that wages paid to her by the Garnishee are subject to garnishment under section 3205 of the Federal Debt Collection Act, 28 U.S.C. §3205 and expressly agrees and stipulates that the entry of this Agreed Final Order in Garnishment is proper.

5. Judgment Defendant is currently employed by the Garnishee and as of the date of entry of this Agreed Final Order of Garnishment any wages earned by the Judgment Defendant payable by the Garnishee will be wages subject to this Agreed Final Order of Garnishment. Furthermore if the Judgment Defendant remains employed by the Garnishee, then any wages earned by the Judgment Defendant payable by the Garnishee will be wages subject to this Agreed Final Order in Garnishment.

6. Any wages earned by the Judgment Defendant are paid by the Garnishee semi-monthly on the 15th day of each succeeding month and on the last business day of each month. On the first payday after the entry of this Agreed Final Order of Continuing Garnishment, Garnishee shall deduct from any wages earned by the Judgment Defendant the nonexempt disposable earnings for that pay period and, for so long as the Judgment Defendant remains in the employ of the Garnishee shall continue to deduct from any wages earned by the Judgment Defendant the nonexempt disposable earnings for each succeeding pay period until the Judgment is paid in full or the Garnishee no longer has in its possession any wages payable to the Judgment Defendant, and shall remit said nonexempt disposable earnings by check payable to U.S. DISTRICT COURT CLERK mailed to 600 W. Capitol Avenue, Suite A149, Little Rock, Arkansas 72201.

7. In each instance, the amount of nonexempt disposable earnings to be deducted from wages earned by the Judgment Defendant and remitted to the Plaintiff shall equal ten

(10%) percent of the Judgment Defendant's disposable earnings for the applicable pay period and the Judgment Defendant's disposable earnings for each applicable pay period shall be calculated by subtracting from the Gross Wages earned by the Judgment Defendant for the applicable pay period, (I) Federal Income Tax Withholding, (ii) Federal Social Security Tax Withholding and (iii) Arkansas Income Tax Withholding; the resulting difference being the Judgment Defendant's disposable earnings for the applicable pay period.

HAVING HEARD AND CONSIDERED THE FOREGOING AGREEMENTS AND STIPULATIONS, THE COURT DOTH FIND AS FOLLOWS:

(I) That the Judgment Defendant's name is Pavora Asalgen Gilbert, her Social Security Number is xxx-xx-3081, and her last known address is: North Little Rock, Arkansas 72114.

(ii) That a Judgment was entered against the Judgment Defendant, Pavora Asalgen Gilbert, in this action in the amount of $16,116.52. The total balance due on the Judgment is $15,604.67, as of January 16, 2008, herein referred to as the "Judgment".

(iii). That the Judgment Defendant agrees that Plaintiff is entitled to issuance by this Court of a Writ of Garnishment, but Judgment Defendant waives service of an application for a writ of continuing garnishment pursuant to Section 3205 of the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3205 upon the Judgment Defendant and upon the Garnishee. Further, Judgment Defendant waives her right to a hearing under the section 3205 and any other process to which the Judgment Defendant may be entitled under the Federal Debt Collection Procedures Act of 1990.

(iv) That Judgment Defendant agrees and stipulates that wages paid to her by the Garnishee are subject to garnishment under section 3205 of the Federal Debt Collection Act, 28

U.S.C. §3205 and expressly agrees and stipulates that the entry of this Agreed Final Order in Garnishment is proper.

(v) That the Judgment Defendant is currently employed by the Garnishee and as of the date of entry of this Agreed Final Order of Garnishment any wages earned by the Judgment Defendant payable by the Garnishee will be wages subject to this Agreed Final Order of Garnishment. Furthermore if the Judgment Defendant remains employed by the Garnishee, then any wages earned by the Judgment Defendant payable by the Garnishee will be wages subject to this Agreed Final Order in Garnishment.

(vi) That any wages earned by the Judgment Defendant are paid by the Garnishee semi-monthly on the 15th day of each succeeding month and on the last business day of each month.

IT IS, BY THIS COURT, THEREFORE CONSIDERED, ORDERED AND ADJUDGED AS FOLLOWS:

A. On the first payday after the entry of this Agreed Final Order of Garnishment, Garnishee shall deduct from any wages earned by the Judgment Defendant the nonexempt disposable earnings for that pay period and, for so long as the Judgment Defendant remains in the employ of the Garnishee, shall continue to deduct from any wages earned by the Judgment Defendant the nonexempt disposable earnings for each succeeding pay period until the Judgment is paid in full or the Garnishee no longer has in its possession any wages payable to the Judgment Defendant, and shall remit said nonexempt disposable earnings by check payable to U.S. DISTRICT COURT CLERK mailed to 600 W. Capitol Avenue, Suite A149, Little Rock, Arkansas 72201.

B. In each instance, the amount of nonexempt disposable earnings to be deducted by the Garnishee from wages earned by the Judgment Defendant and remitted to the Plaintiff shall equal ten (10%) percent of the Judgment Defendant's disposable earnings for the applicable pay period and the Judgment Defendant's disposable earnings for each applicable pay period shall be calculated by subtracting from the Gross Wages earned by the Judgment Defendant for the applicable pay period, (I) Federal Income Tax Withholding, (ii) Federal Social Security Tax Withholding and (iii) Arkansas Income Tax Withholding; the resulting difference being the Judgment Defendant's disposable earnings for the applicable pay period.

C. Judicial Orders and garnishments for support of a person shall have priority over this Order and as to any other writ of garnishment or levy, earlier garnishments or levies shall have priority over this Order and shall be fully paid before payment hereunder. This Order shall have priority over garnishments and levies issued after this Order.

D. While this Order is in effect the Plaintiff will give an annual accounting on the garnishment to the Judgment Defendant and the Garnishee.

E. This Order and the Garnishee's obligations hereunder shall automatically terminate on the earlier of (I) the entry of an order of this Court terminating this Order, (ii) the date that the Garnishee no longer has in its possession any wages earned by the Judgment Defendant, or (iii) payment in full of the Judgment.

F. This Court retains jurisdiction of this matter to make such further orders as justice requires.

IT IS SO ORDERED.

J. Leon Holmes
Judge, United States District Court

DATE: March 6, 2008

SUBMITTED and APPROVED BY:

PLAINTIFF, BY:
Jane W. Duke
United States Attorney

Stacey E. McCord
Assistant United States Attorney

JUDGMENT DEFENDANT, BY:

Pavora Asalgen Gilbert

GARNISHEE, BY:

HAL JOSEPH KEMP, P.A.
ATTORNEY FOR Beach Abstract and Guaranty Company